IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY DWAYNE DIXON                                                    PLAINTIFF

v.                                    Civil No. 4:26-cv-04020-SGS

BRYAN McJUNKINS (Howard County                                         DEFENDANTS
Sheriff) and JANA TALLANT (Howard
County Jail Administrator)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action initiated by the Plaintiff, Gregory Dwayne Dixon, pursuant to

42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant

to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the

undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, this decision will be filed as a Report and

Recommendation and the case will automatically be reassigned to a United States District

Judge.  *See* 28 U.S.C. § 636(c); FED. R. CIV. P. 73.  Currently before the Court is Plaintiff's failure

to follow the Court's Orders of March 23, 2026 and April 14, 2026, and failure to prosecute this

instant case.

### I.        DISCUSSION

*Pro se* Plaintiff filed his Complaint on March 13, 2026, in the Eastern District of Arkansas.

(ECF No. 1).  His case was transferred to the Western District of Arkansas on March 19, 2026.

(ECF No. 3).  On March 23, 2026, this Court issued an Order directing Plaintiff to submit an *in*

*forma pauperis* (IFP) application due by April 13, 2025.  *See* ECF No. 6.  In the same Order, the

Court also directed the Plaintiff to submit an Amended Complaint within 21 days as he failed to

sign his Complaint and improperly attempted to join in the Complaint of another plaintiff.  *Id.*  The

Plaintiff was warned that his case "shall be subject to dismissal if Plaintiff fails to return the Amended Complaint to the Court by the deadline." *Id.* The March 23, 2026 Order that was sent to him at the Howard County Jail was *not* returned as undeliverable.

On April 14, 2026, the Court issued another Order directing the Plaintiff to show cause, by May 5, 2026, why he failed to obey the prior Order of the Court. (ECF No. 7). On April 29, 2025, this Order was mail returned as undeliverable and marked 'Return to Sender—No Longer Here.' (ECF No. 8). The 30-day deadline for Plaintiff to inform the Court of his new address was May 29, 2026. *Id.*

To date, Plaintiff has failed to inform the Court of his current address, nor has he communicated with the Court beyond the initial filing of his defective Complaint that was devoid of his signature and lacking his IPF application.

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

E.D. & W.D. ARK. CIV. L.R. 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate the involuntary dismissal of a case where the plaintiff fails to prosecute or fails to comply with orders of the court. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (noting that the district

court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Here, the Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2), failed to comply with the Court's Orders, and wholly failed to prosecute this instant suit beyond the initial filing of his defective Complaint which also lacked an IFP application.

### III.    CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  FED. R. CIV. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 10th day of June 2026.

/s/ *Spencer G. Singleton*
_____
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

3